ANDREW J. LIBBY *vs.* JAMES A. DICKEY, and another.

Kennebec.        Opinion March 31, 1893.

*Sale. Deceit. Deed. More or less.*

Upon the trial of the issue of fraudulent representations as to the quantity of land that induced a purchase, an instruction to the jury, " a deficiency of a few acres, perhaps a dozen, or even fifty, in such a large parcel as eight hundred acres, more or less, might be allowed by those words " (more or less) is erroneous; but not as the construction of a deed, purporting to convey " eight hundred acres, more or less."

ON EXCEPTIONS.

This was an action on a promissory note of $2500.00, given by the defendants to the plaintiff for timber and wood land bought by them September 28, 1888. The deed described the premises by metes and bounds and concluded with the words " containing eight hundred acres more or less."

The case was tried to a jury in the Superior Court, for Kennebec county, and a verdict was returned for the plaintiff in the sum of $2000. From the defendants' exceptions it appeared that the defendants testified that the plaintiff represented to

them, at the time of the purchase, that the parcel of timber and wood land contained eight hundred acres. The land was somewhat irregular in shape, and was not measured out by the parties till this suit was commenced. A surveyor then surveyed it, when it was found to contain only four hundred acres and a fraction of an acre. It also appeared that, before the purchase, the defendants had opportunity to examine the land and did examine it by going over it in person, and by sending an agent over it to ascertain the amount of timber upon it, and that the principal value of the land was for the timber upon it; that the land was bounded on two sides by the public highway. The plaintiff testified that, at the time of the purchase, he gave no assurance to the defendants that the parcel contained eight hundred acres, or any other number of acres, but that he told the defendants where the land was and that they could go and see it, and that it was stated to him by them afterwards that they had done so before the trade was consummated for the land.

It became an important question at the trial, whether the plaintiff did or did not represent that the land contained eight hundred acres, the defendants contending that such a representation was made by the plaintiff, which they relied upon; and the plaintiff contending otherwise, which was one of the issues presented to the jury.

It also appeared that the defendants operated upon the land two winters, cutting a large part of the wood and timber on the same before they raised any question as to the number of acres.

At the trial, the plaintiff claimed that the phrase "more or less" in the deed, was evidence that the land was not bought by the defendants with any understanding that it contained eight hundred acres, and that said phrase relieved him from all responsibility for the fact that the land did not contain eight hundred acres in any event.

The presiding judge instructed the jury as follows:

"Now, it is claimed by the plaintiff's counsel that there was no representation as to the size of the parcel in the deed, because the words 'more or less' are used to qualify the quantity, eight hundred acres, more or less. The plaintiff contends that the use

of these words should be held to mean that he did not intend to be bound at all by the amount of the land, but such a construction, gentlemen, is too broad. The words as used in the deed mean that the grantor, having no precise knowledge as to the quantity, guarantees that there are somewheres near or about' eight hundred acres. Unless there is a sufficient description otherwise to make the amount certain, or reasonably certain, the words are equivalent to 'about' or 'approximating' eight hundred acres. They are words used simply to exclude a construction that the precise quantity of land named should be conclusive upon the parties. It gives the seller reasonable margin for uncertainty and moderate latitude in the performance of his contract. A deficiency of a few acres, perhaps a dozen, or even fifty acres in such a large parcel as eight hundred acres, more or less, might be allowed by these words; but would it in half of the quantity, four hundred acres? Surely it would not, and such a deficiency, if it was shown, might sustain an inference of fraud, but it is not conclusive of fraud."

The entire charge was made a part of the case.

To the foregoing instructions of the court to the jury as to the effect of said phrase in the deed, and particularly that the aforesaid phrase might excuse the plaintiff for the loss of fifty acres, the defendants excepted.

*W. T. Haines*, for plaintiff.

The charge sustains the defendants' contention as to the construction of the words "more or less" and he is not aggrieved. *Soule* v. *Winslow*, 66 Maine, 447 and cases.

Deceit: *Carlton* v. *Rockport Ice Co.* 78 Maine, 49, and cases; *Medbury* v. *Watson*, 6 Met. 259; *Thompson* v. *Mansfield*, 43 Maine, 490; *Houghton* v. *Nash*, 64 Maine, 477.

*S. S. Brown*, for defendants.

Defendants did not base their claim to a reduction in price simply on the ground that the deed called the land eight hundred acres, but upon the fact that, at the time of the purchase, the plaintiff assured them that it contained eight hundred acres. They proved this fact by testimony *dehors* the deed.

The chief point of objection to the charge of the presiding

judge is what he said to the jury as to the allowance, or deduction, which he told them they might make from the eight hundred acres in consequence of the phrase "more or less." His instruction on that point was, in substance, that they might assign a loss of fifty acres or justify without reduction in price the value of fifty acres on account of that phrase. So that, although they found that the contract was for eight hundred acres, they might render their verdict on a basis of seven hundred and fifty acres as the amount of land bargained for. Under this instruction, the jury gave their verdict for a sum larger by the price of fifty acres than it would have been if the court had held them up to the contract actually made. . The real question raised by this bill of exceptions, as a matter of law, is this: Was the judge correct in telling the jury that the phrase "more or less" inserted in the deed, as a matter of law, was in effect a deduction of fifty acres from the number of acres bargained for? For that was in substance what he told the jury they might deduct from the number of acres to start with.

Counsel cited: 1 Story Eq. Jur. § 141; *Hill* v. *Buckley*, 17 Ves. 395: *Putnam* v. *Hill*, 2 Russell, 520; *Belknap* v. *Sealy*, 14 N. Y. (4 Kernan) 143; *Couse* v. *Boyles*, 38 Am. Dec. 514.

VIRGIN, J. In September, 1888, the plaintiff, in consideration of $5500, conveyed to the defendants a tract of land, described by metes and bounds and as "containing eight hundred acres, more or less."

All the consideration has been paid except this note now in suit, of $2500 and interest, payable in two years from its date.

The defendants, at the court below, contended that they were induced to purchase by relying on the plaintiff's fraudulent representations that the premises contained eight hundred acres, when, in fact, a subsequent survey showed there was only the fraction of an acre more than one half of the quantity represented.

The jury returned a verdict for $2000 only, making an allowance to the defendants of $913 for the deficiency. They must, therefore, have found the plaintiff guilty of either misrepresent-

ing the quantity of land knowing it to be false, or asserting the false quantity without knowing whether it was true or false. *Harding* v. *Randall*, 15 Maine, 332 ; *Hammatt* v. *Emerson*, 27 Maine, 308.

The plaintiff makes no formal complaint against the verdict. The defendants, however, complain that the jury did not make a sufficient allowance for the fifty per cent deficiency of land ; that as they had received only one half of the land bargained for, the plaintiff should receive only one half of the consideration. But as the defendants had already paid more than one half, they ought not pay any more. And the defendants undertake to trace their cause of grievance to an instruction in relation to the number of acres which the words "more or less" might properly be allowed to cover.

After stating quite fully the meaning of that phrase as the same is laid down in cases of acknowledged authority, the judge then added what the defendants claim was erroneous and to their disadvantage, viz : "A deficiency of a few acres, perhaps a dozen, or even fifty in such a large parcel as eight hundred acres more or less, might be allowed by these words."

Considered as a construction of the deed, the instruction as an illustration is sustained by a very large number of authorities. The subject matter has often arisen and created much discussion in the books. Chanceller Kent, upon authorities cited, declares the general rule to be "when it appears by definite boundaries, or by words of qualification, as 'more or less,' or words of like import, that the statement of the quantity of acres in the deed is mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity — if there be no intermixture of fraud in the case." 4 Kent, Com. * 467. Judge Story entertained a like view. *Stebbins* v. *Eddy*, 4 Mason, 414. See also 1 Sug. Vend. (Perk. ed.) § III, 489, and notes ; *Pierce* v. *Faunce*, 37 Maine, 63 ; *Hall* v. *Mayhew*, 15 Md. 551 ; *Smith* v. *Evans*, 6 Binn. 102.

When the difference between the actual and the stated quantity thus qualified, is so great as to naturally raise the presumption of fraud or gross mistake, the purchaser has his remedy. Same cases.

What precise difference should be regarded as evidence of fraud has not been determined that we are aware of. It has been held, however, that when it is so great as to warrant the conclusion that the parties would not have contracted had the truth been known, then the party injured is entitled to relief in equity, on the ground of gross mistake. *Weart* v. *Rose*, 16 N. J. Eq. 290, 297-8, and cases there cited. Chanceller Kent says : "A very great difference — as thirty per cent for instance — would entitle the party to relief." 4 Kent, Com. *467, note *b*. A very large number of cases on both sides of the line are collected in 15 Am. & Eng. Ency. 718 *et seq*. Fifty acres off from "eight hundred acres, more or less," is but a fraction over six per cent. We think, therefore, that the instruction if confined to the construction of the deed can afford no legal cause of complaint to the defendants.

But the case as presented to the jury was not based upon a construction of the deed ; but upon fraudulent representations proved by oral testimony, which was undoubtedly admissible. *B. P. & B. L. Soc.* v. *Smith*, 54 Md. 187, 202. The jury found that the plaintiff unqualifiedly assured the defendants that the premises comprised eight hundred acres, and that relying upon that assurance they purchased. If the same unqualified statement had been made in the deed, the defendants would undoubtedly have been entitled to a remedy for the material difference ; for quantity would then be regarded as a material consideration entering into the essence of the contract. *Marbury* v. *Stonestreet*, 1 Md. 147. Why should fraud place him in any better condition ?

The charge, which is made a part of the exceptions, shows that the instruction complained of was not intended to be confined to a construction of the deed, but was expressly made applicable to the case as presented. The judge said : "However, if you should allow a reasonable margin, would seven hundred and fifty acres be an unreasonable amount, if you should conclude there was misrepresentation, as a basis upon which to calculate, four hundred acres having been proved to be the amount that was actually conveyed? If seven hundred and

fifty would be a reasonable basis, why then you should deduct the four hundred acres from the seven hundred and fifty and compute the damages upon that." We think the instruction when applied to the fraudulent representation was erroneous.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.